(C.D. 3234)

Seaway Importing Company v. United States

United States Customs Court, Second Division

(Decided December 27, 1967)

*Stein and Shostak* for the plaintiff.
*Edwin L. Weisl, Jr.*, Assistant Attorney General, for the defendant.

Before Rao and Ford, Judges

Rao, Chief Judge: The instant protest was submitted for decision upon a written stipulation entered into by and between counsel for the respective parties which reads as follows:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the respective parties hereto, subject to the approval of the Court, as follows:

1. That the merchandise covered by the entry and protest enumerated in Schedule A annexed hereto and made a part hereof, and assessed with duty at 27.5% ad valorem plus 25¢ per pound under Item 380.84 of the Tariff Schedules of the United States, consists of hunting jackets almost wholly of fabrics, not cotton, which are coated or filled or laminated, with rubber or plastics which (after applying headnote 5 of Schedule 3) are regarded as textile materials.

2. That said protest is abandoned as to all other merchandise.

3. That the merchandise covered by the entry enumerated in Schedule A annexed hereto was entered or withdrawn from warehouse after August 31, 1963, the effective date of the Tariff Schedules of the United States, and before December 7, 1965, the effective date of the Tariff Schedules Technical Amendments Act of 1965, Public Law 89–241.

4. That said protest was filed on the entry enumerated in said Schedule A, under Section 514 of the Tariff Act of 1930, within 60 days after the date of liquidation thereof, and that said protest was pending for decision by this Court on October 7, 1965, the date of enactment and/or on December 7, 1965, the effective date of the Tariff Schedules Technical Amendments Act of 1965, Public Law 89–241, 89th Congress.

5. That within 120 days after the date of enactment of said Public Law 89–241, a request was filed with the Collector of Customs at the port of entry, for liquidation or reliquidation of each of the entries enumerated in Schedule A and for classification of said merchandise at 30% ad valorem under Item 376.56 of the Tariff Schedules of the United States as amended by Section 15 (d) of said Public Law 89–241.

6. That the protest enumerated in the annexed Schedule A of Cases may be submitted on this stipulation, the same being limited to the merchandise as aforesaid.

Upon the agreed facts, we find that plaintiff has complied with both section 514 of the Tariff Act of 1930 and section 2(b) of the Tariff Schedules Technical Amendments Act of 1965, Public Law 89–241, T.D. 56511, and that said merchandise is dutiable at the rate of 30 per centum ad valorem pursuant to the provisions of item 376.56 of the Tariff Schedules of the United States, as amended by section 15 (d) of said Tariff Schedules Technical Amendments Act, for other garments designed for rainwear wholly or almost wholly of fabrics which are coated or filled, or laminated with rubber or plastics which are textile materials. The claim of the plaintiff to that effect is sustained.

Judgment will be entered accordingly.